UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19-cr-00085 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 58] |
| vs. | : | |
| | : | |
| RASHAWN D. WATSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Rashawn D. Watson requests a reduced sentence[1] under the compassionate release statute, 18 U.S.C. § 3582.[2] The Government opposes.[3]

For the following reasons, the Court **DENIES** Watson's motion for compassionate release.

I. Background

In May 2019, Watson pleaded guilty to three counts of possessing with intent to distribute a controlled substance (Counts 1-3), one count of felon in possession of a firearm (Count 4), and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 5).[4] In June 2019, this Court sentenced Watson to 130 months imprisonment for

---

[1] In the alternative, Watson asks the Court to recommend that the Bureau of Prisons transfer him to home confinement. The Court cannot order home confinement and declines Watson's request to make a recommendation to the Bureau of Prisons on his behalf. *See Johnson v. Williams,* 4:20 CV 1325, 2020 WL 7324763, *1 (N.D. Ohio Oct. 22, 2020) ("The BOP, however, still has the sole authority to decide whether home confinement under the CARES Act is appropriate.") (collecting cases).

[2] Docs. 58, 59, 66.

[3] Doc. 65.

[4] Docs. 29, 58, 65.

Case No. 1:19-cr-00085
GWIN, J.

Counts 1-4, and 60 months' imprisonment for Count 5.  In addition, the Court sentenced Watson to nine years supervised release.[5]

## II. Discussion

On September 1, 2020, Watson moved for compassionate release.[6]  Watson seeks a sentence reduction due to concerns about the COVID-19 pandemic.  In addition, Watson asserts the Court mistakenly designated him a career criminal offender.  He argues that if the Court had considered the proper Sentencing Guideline range—without the career offender enhancement—he would have received a lesser sentence.[7]

The Government opposes.  It contends that Watson does not have health conditions associated with serious illness risk associate with COVID-19.  Further, the Government argues that the § 3553 factors do not support early release.[8]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[9]

On April 8, 2020, Watson asked the FCI McKean warden for a sentence reduction.[10]  On July 6, 2020, Watson asked again.[11]  Because Watson filed his motion with the Court

---

[5] Doc. 42.
[6] Doc. 58.
[7] Doc. 59.
[8] Doc. 65.
[9] 18 U.S.C. § 3582(c)(1)(A); see also *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[10] Docs. 59-1, 59-2.
[11] Docs. 59-3, 59-4.

Case No. 1:19-cr-00085
GWIN, J.

more than thirty days after he sent his requests to the warden, Watson satisfies the statutory exhaustion requirement.

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[12] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[13]

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[14] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[15]

Watson has not established that any extraordinary and compelling reasons necessitate compassionate release.

Watson's COIVD-19 argument is unpersuasive. The presence of COVID-19 alone does not warrant a sentence reduction.[16] And Watson has not shown that he has a medical condition that increases his risk for serious illness if he contracts COVID-19.[17]

---

[12] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).

[13] *Id.* (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[14] *See Elias*, 2021 WL 50169 at *2 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[15] *Jones*, 980 F.3d at 1111.

[16] Watson concedes this point. Doc 66 at 7.

[17] In Watson's request to the FCI McKean warden, he states that he has an autoimmune condition. *See* Doc. 59-1. He also references an autoimmune condition in his reply brief. Watson's medical records do not support this claim. *See* Doc. 65-5.

Case No. 1:19-cr-00085
GWIN, J.

Watson's career criminal offender argument is similarly unavailing. Watson states that the Court erroneously sentenced him as a career criminal offender, and, therefore, relied on the wrong Sentencing Guideline range.[18] However, the Court sentenced Watson well below the Guideline range he argues was incorrect. Indeed, Watson states his Guideline range without the career-offender enhancement would be 110 to 137 months.[19] And the Court sentenced Watson to 130 months.[20] Even if the Court had not designated Watson a career offender, the Court is not persuaded that it would have imposed a different sentence.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Watson's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: January 15, 2021          *s/ James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[18] Doc. 59.
[19] *Id.*
[20] This does not include the mandatory 60-month sentence for Count 5.